# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE
## Assigned on Briefs September 20, 2000

## STATE OF TENNESSEE v. JERRY BELEW

### Direct Appeal from the Criminal Court for Maury County
### No. 10351     Robert L. Jones, Judge

───────────────

### No. M1999-02143-CCA-R3-CD - Filed November 17, 2000

───────────────

The defendant was convicted by a Maury County jury of attempted second degree murder and aggravated assault. The trial court sentenced defendant to consecutive sentences of nine years for attempted second degree murder and three years for aggravated assault. In this appeal defendant alleges that the trial court: (1) improperly limited defense counsel's closing argument; (2) improperly denied his requested jury charges; and (3) improperly sentenced him to consecutive sentences. After a thorough review of the record, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

J. Daniel Freemon, Lawrenceburg, Tennessee, for the appellant, Jerry Belew.

Paul G. Summers, Attorney General and Reporter; Todd R. Kelley, Assistant Attorney General; T. Michael Bottoms, District Attorney General; J. Douglas Dicus, Lawrence R. Nickell, Jr., and Robert G. Sanders, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

A Maury County jury convicted defendant of attempted second degree murder and aggravated assault. The trial court sentenced him to nine years for attempted second degree murder and three years for aggravated assault. The trial court ran the sentences consecutively, for an effective sentence of twelve years. In this appeal as a matter of right, defendant alleges the following errors:

(1) the trial court improperly limited defense counsel's closing argument;

(2) the trial court improperly denied his requested jury charges; and

(3) the trial court improperly sentenced him to consecutive sentences.

Upon careful review of the record, we affirm the judgment of the trial court.

## FACTS

Defendant and the victim, Cynthia Belew, were formerly married and, although divorced, cohabited for periods of time. On the afternoon of September 29, 1997, defendant entered the victim's residence, where he was also currently residing. According to the victim, they engaged in a verbal altercation which turned physical. During the following weekend, defendant called the victim and asked her to come over to "party" with him. When she refused and ordered him to stay away from her, defendant threatened her life.

On Monday, October 7, 1997, defendant came to the victim's residence and attempted to gain access through the back door. The door was locked; the victim phoned 911; and she aimed her 12 gauge shotgun at defendant. Defendant threatened her life and retreated. The police came and assisted the victim in securing her residence, but they did not locate defendant in the neighborhood.

Later that night the victim walked outside in an attempt to locate her dog, and defendant attacked her. He dragged her back into her house and hit her with the butt of the shotgun. Then, defendant shot the victim once in the stomach.

Ken Melton, the victim's friend, arrived immediately thereafter, and defendant hit him in the back of the head with the butt of the shotgun. Melton left the residence and phoned 911 from his cellular telephone. The police and emergency personnel arrived at the victim's house, but defendant had fled. Defendant turned himself into police two days later.

Defendant was convicted by the jury of the attempted second degree murder of Cynthia Belew and aggravated assault on Ken Melton.

## CLOSING ARGUMENT

Defendant claims that the trial court erred by improperly limiting defense counsel's closing argument. It was defendant's theory that the victim was untruthful about defendant's earlier violent conduct. Defendant contended that the victim would have secured an arrest warrant if defendant had indeed behaved in the manner described by the victim. Defense counsel then sought to explain the legal prerequisites to securing an arrest warrant. The trial court found that defense counsel misstated the law, and the issue was collateral to the case.

The trial court has broad discretion to control the duration and scope of closing arguments. State v. Middlebrooks, 995 S.W.2d 550, 557 (Tenn. 1999). After reviewing the record, we conclude the trial court acted within its discretion by limiting the scope of counsel's closing argument on this collateral issue.


## JURY CHARGE


Defendant contends that the trial court improperly denied "all special jury requests." Defendant does not identify the requests and offers no argument as to why the requested instructions were essential, other than a general assertion that they were "reasonable and necessary to a proper presentation of [his] theory." Further, defendant offers no argument concerning any deficiency in the jury instructions actually charged.

Accordingly, defendant has waived this issue. Tenn. R. App. P. 27(a)(7); Tenn. Crim. App. Rule 10(b). Regardless of waiver, we hold this issue is without merit. Our review of the jury charge reveals that the applicable law was correctly, fully, and fairly set forth; thus, additional, special instructions were unnecessary. *See* State v. Forbes, 918 S.W.2d 431, 447 (Tenn. Crim. App. 1995).


## CONSECUTIVE SENTENCING


Since defendant does not specifically contest the applicability of any of the enhancement or mitigating factors, we consider the length of each sentence appropriate. Instead, defendant contests the consecutive nature of his sentences. He claims that the trial court ran his sentences consecutively because it was under the erroneous impression that it was required to do so by law. Defendant, however, fails to cite to the record where the trial court made this finding. Accordingly, this issue is waived. Tenn. R. App. P. 27(a)(7); Tenn. Crim. App. Rule 10(b). In fact, our review of the sentencing hearing transcript reveals nothing to indicate, or even imply, that the trial court believed it was required to run the sentences consecutively.

Regardless, there was ample basis for consecutive sentencing. The trial court noted that defendant committed these crimes while on probation for another offense. *See* Tenn. Code Ann. § 40-35-115(b)(6). The record clearly supports this conclusion. Defendant was placed on 11 months and 29 days probation from a conviction of misdemeanor assault on March 12, 1997. Defendant committed the present offenses on October 7, 1997. Accordingly, he was on probation when he committed these crimes.

While specific findings that an extended sentence is necessary to protect society and is reasonably related to the severity of the offenses are prerequisites to consecutive sentencing under the "dangerous offender" category in Tenn. Code Ann. § 40-35-115(b)(4), State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995), such specific factual findings are not required for the other categories of Tenn. Code Ann. § 40-35-115(b). State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). Nevertheless,

3

the general principles of sentencing require that the length of sentence be "justly deserved in relation to the seriousness of the offense" and "be no greater than that deserved for the offense committed." *Id.* at 460 (citing Tenn. Code Ann. §§ 40-35-102(1) and 103(2)).

We conclude the trial court did not err in ordering the sentences to be served consecutively. The aggregate sentence was justly deserved, and no greater than deserved, in relation to the seriousness of the offenses. This issue is without merit.

## CONCLUSION

Based on our review of the record, we conclude that (1) the trial court acted within its discretion when it limited the scope of defendant's closing argument; (2) the trial court gave adequate jury charges; and (3) the trial court correctly sentenced defendant to nine years for attempted second degree murder and three years for aggravated assault, to be served consecutively. Accordingly, the judgment of the trial court is affirmed in all respects.

_____
JOE G. RILEY, JUDGE